WIENER, Circuit Judge,
specially concurring:
I concur in the judgment and in all but one portion of the panel majority’s opinion. Part IV of that opinion analyzes Fuentes’s as-applied equal protection challenge to her ineligibility for a waiver of inadmissibility under 8 U.S.C. § 1182(h). In that *509 Part, the majority first holds that Fuentes’s challenge need not be analyzed under equal-protection principles, because Fuentes has not demonstrated how she was treated differently than a similarly situated hypothetical person. It then holds, in the alternative, that even if Fuentes has demonstrated such differential treatment, the BIA’s denial of her eligibility for a § 1182(h) waiver was rational, and thus did not deprive Fuentes of equal protection of the law.
With sincere respect, I cannot disabuse myself of two points of disagreement with the majority’s first conclusion — that Fuentes has not demonstrated treatment distinct from that accorded to a similarly situated person. First, I am convinced that Fuentes has clearly demonstrated that she was subjected to differential governmental treatment; here’s how.
For the sake of simplicity, I refer to Fuentes as “A” and her “twin,” the similarly situated hypothetical person, as “B”: (1) both A and B became LPRs on the same day, December 15, 1992; (2) in December of 1999, both A and B would have been LPRs for seven years, satisfying § 1182(h)’s temporal pre-requisite; (3) both A and B were convicted of a crime of moral turpitude on July 31, 1999; (4) both A and B leave the United States and travel to Mexico on the same day in August of 1999, which is within less than 180 days of reaching § 1182(h)’s seven-year benchmark in December of that year; (5) both A and B remain in Mexico for less than 180 days. So far, the twins are identical; now for their one distinguishing difference: A returns to the United States on the same day in August 1999 that she departed (well before the conclusion of her seven-year period), having spent just a few hours in Mexico; B, by contrast, stays in Mexico for roughly four months, not returning to the United States until one day after her seven-year period has run. Now for more identical features, all these occurring after A’s and B’s returns from Mexico to the United States. A and B are each issued notices to appear, charging each with being inadmissible arriving aliens under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Both A and B appear before an IJ on October 26, 2000, each asserting eligibility to file for a § 1182(h) waiver of inadmissibility. Notably, by October 26, 2000 — the date on which A and B each seek to demonstrate their eligibility for a § 1182(h) waiver — both A and B have been LPRs for more than seven years. Thus, even after their returns from Mexico, the only distinguishing fact between the two is that A returned to the United States from Mexico before her seven-year period had run, and B returned after hers had. That’s it: A and B are identical in every other material respect.
Now for how I perceive Fuentes as having framed her as-applied equal protection challenge to her ineligibility for a § 1182(h) waiver. She based it on the one legally-operative fact that distinguishes her from her hypothetical twin — the different dates on which each returned to the United States. Those dates straddle their shared seven-year LPR anniversaries, A’s return was short of it and B’s was after it. A and B are otherwise similarly situated.
Second, I am concerned that the majority’s strain to conclude that Fuentes is not situated similarly to her hypothetical twin may have broad, if unintended, consequences for future equal-protection challenges to temporal limitations embodied in generally applicable statutes. If, as the majority reasons, Fuentes is not situated similarly to her twin because she sought admission to the United States before her seventh anniversary as an LPR, while her twin sought it after hers, then how can any future litigant who challenges on equal-protection grounds a statutory tem *510 poral condition precedent’s bar to his receiving a governmental benefit ever prove that he is similarly situated to someone who, because of a single difference in timing, is eligible for the benefit? Try as I may, I am unable to conceive of a set of facts under which he could. So, unless I am just plain wrong, the practical effect of the panel majority’s opinion is to remove from equal-protection scrutiny many temporal limitations embodied in federal and state statutes. As that result goes too far for me to accept, I cannot concur in it.
I do not, however, differ with the panel majority’s alternative holding in Part IV of its opinion — that even if Fuentes did prove differential treatment (as I believe she did), the BIA’s denial of her eligibility for a § 1182(h) waiver did not deprive her of equal protection. I therefore concur in that holding and in the judgment, satisfied that, for the reasons set forth in the majority’s opinion, the differential treatment experienced by Fuentes was rationally related to legitimate governmental interests.